UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION
CASE NO.: _____

ALEXANDER MARINE CO. LTD., a Corporation
organized and existing under the laws of Taiwan,
ALEXANDER MARINE USA, INC. A Corporation
Organized and existing under the Laws of Washington
State, a/so/ FUBON INSURANCE, an Insurance
Carrier organized and existing under the Laws
of Taiwan as Lead Underwriters of All
Underwriters Subscribing to Policy of Insurance
No.

  Plaintiffs,

vs.

SEMPRE ITALIA, LLC, a Foreign Corporation,
CROSS CHARTERING NV, a Foreign Corporation,
BRIESE SCHIFFAHRTS GMBH & CO; (KG MS
"DORENBERG") a Foreign Corporation,
SILENT YACHTS OF NORTH AMERICA, INC. a
Florida Corporation and the m/v BBC VIRGINIA,
in rem,

  Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, ALEXANDER MARINE CO. LTD., a Corporation organized and existing under the Laws of Taiwan, and ALEXANDER MARINE USA, INC. a Corporation organized and existing under the Laws of Washington State, a/s/o FUBON INSURANCE, an Insurance Carrier organized and existing under the laws of Taiwan as Lead Underwriters of All Underwriters Subscribing to Policy of Insurance No. 0021MCNBKF0003 sue the Defendants, SEMPRE ITALIA, LLC, a Foreign Corporation, CROSS CHARTERING NV, a Foreign Corporation BRIESE SCHIFFAHRTS GMBH & CO; (KG MS "DORENBERG") a Foreign

Corporation, SILENT YACHTS OF NORTH AMERICA, INC. a Florida Corporation and the m/v BBC VIRGINIA, *in rem*, and state:

JURISDICTIONAL STATEMENT AND IDENTIFICATION OF THE PARTIES

1. This is a cause of action in excess of the minimum jurisdictional limits of this Court.

2. At all times material hereto, Plaintiff, ALEXANDER MARINE CO. LTD., was and is a Corporation organized and existing under the Laws of Taiwan.

3. At all times material hereto, Plaintiff, ALEXANDER MARINE USA, INC., was and is a Corporation organized and existing under the Laws of Washington State.

4. At all times material hereto FUBON INSURANCE, an Insurance Carrier organized and existing under the laws of Taiwan, was and is Lead Underwriter of All Underwriters Subscribing to Policy of Insurance No. 0021MCNBKF0003.

5. At all times material hereto Cathay Century Insurance Co. Ltd., Shinkong Insurance Co. Ltd., The First Insurance Co., Ltd., Taiwan Fire & Marine Insurance Co. Ltd., Hotai Insurance Co. Ltd., South China Insurance Co. Ltd., and Taian Insurance Co., Ltd. were each independent Insurance Companies, organized and existing under the Laws of Taiwan, each Subscribing to Policy of Insurance Number (cited above) led by Fubon Insurance Co., Ltd who had and has biding authority for these following insurers.

6. At all times material hereto SEMPRE ITALIA, LLC, was and is a Foreign Corporation.

7. At all times material hereto, CROSS CHARTERING NV, was and is a Corporation organized and existing under the Laws of Belgium.

8. At all times material hereto, BRIESE SCHIFFAHRTS GMBH & CO; (KG MS "DORENBERG") was and is a Corporation organized and existing under the Laws of Germany.

9. At all times material hereto SILENT YACHTS OF NORTH AMERICA, INC. was and is a Corporation organized and existing under the Laws of the State of Florida.

10. At all times material hereto, the m/v BBC VIRGINIA, was and is a Foreign Flagged motor vessel in International Commerce

11. This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(2) since there is complete diversity of citizenship between the Plaintiff in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in this Court by virtue of the fact that the destroyed motor yachts forming the basis of this action, to be more particularly described in the following section were to be delivered / off loaded in Fort Lauderdale, Florida.

13. All conditions precedent to the bringing of this action have been waived, performed and/or have been excused.

FACTS COMMON TO ALL COUNTS

14. At all times material hereto ALEXANDER MARINE CO. LTD. was the builder/owner of three Motor Yachts which were be transhipped from Kaohsiung, Taiwan to Fort Lauderdale, Florida aboard to the m/v *BBC Virginia,* receiving party ALEXANDER MARINE USA, INC.

15. The Subject Yachts, identified as 27R01, 27E03 and 11205 were, by prior agreement, to be transported as above deck cargo.

16. On information and belief, the *BBC Virginia* arrived at the loading port of Kaohsiung, Taiwan on or about November 24, 2021.

17. The three Ocean Alexander yachts, whose aggregated value is in excess of 21 million dollars, were loaded together with two other vessels belonging to other interests (for a total of 5 yachts on deck). With respect to the other two vessels, one was loaded forward of the

three Ocean Alexander vessels, on top of a cargo hatch cover #1 and the other loaded aft above cargo hatch cover #5.

18.     Upon information and belief, the *BBC Virginia* departed Kaohsiung on or about November 26, 2021 en route to Dafeng, China.

19.     On or about November 29, 2021, it was noted by the crew that smoke was billowing from the vessel stored above hatch number 1.  Shortly thereafter, a fire broke out destroying the forward vessel, two of Ocean Alexander's vessels (27R01 and 27E03) and severely damaging Ocean Alexander's third vessel (11025).

20.     Upon arrival in Dafeng, China, a Joint Survey was undertaken with representatives of the Charterer, a cargo Underwriters for one other two yachts and a fourth from the vessel's P&I Underwriters.

21.     Based on the damaged condition of the affected yachts, all surveyors agreed that the fire started in in either Hatch Number 1 – or the vessel stowed above it, noting that said vessel was a pile of ashes on inspection.

22.     All surveyors further agreed that the fire spread from said vessel to Ocean Alexander Hulls 27Ro1 and 27E03, noting that while both vessels were burnt throughout and carbonized the fire in each appeared to have started in the forecastle of each yacht and spread aft and that that both vessels foredecks abutted the incinerated vessel above Hatch Cover Number 1.

22.     The bow of Hull Number 11204 was seriously damaged and possibly rendered a total loss by smoke and soot damage in addition to burn damage in the fore section, noting that this Hull was stowed directly aft of the two incinerated Ocean Alexander Hulls.

23.     The bow of Hull Number 11204 was seriously damaged and possibly rendered a total loss by smoke and soot damage in addition to burn damage in the fore section (noting that this Hull was stowed directly aft of the two incinerated Ocean Alexander Hulls.

24. That same solar powered vessel was manufactured by Defendant SILENT YACHTS OF NORTH AMERICA, INC. and/or Defendant SEMPRE ITALIA, LLC.

25. Upon information and belief, the vessel, the m/v BBC Virginia was unseaworthy at the inception of the voyage by virtue of insufficient crew, insufficient fire-fighting training and insufficient fire-fighting fire extinguishment procedures.

26. The Carrier, CROSS CHARTERING N.V. for its part, breached its contract of carriage BY PLACING Plaintiff's yachts on an unseaworthy vessel, improperly manned, with inadequate fire training procedures.

## COUNT I
### BREACH OF CONTRACT OF CARRIAGE AGAINST
### CROSS CHARTERING N.V.

27. Plaintiffs adopt and reallege Paragraphs 1 through 26 as if fully set forth herein and state:

28. At all times material hereto ALEXANDER MARINE USA, INC., was the consignee of three Ocean Alexander Motor Yachts, shipped by ALEXANDER MARINE CO. LTD. and insured by FUBON. (Individual Packing Lists / Commercial Invoices for each of the Ocean Alexander vessels are appended hereto as "Composite Exhibit 1").

29. The three vessels were to be shipped to from Kaohsiung, Taiwan to Port Everglades / Fort Lauderdale, Florida on board the m/v *BBC VIRGINIA* V-537 as evidenced by three Bills of Lading CCGJ53721KAPE002, CCGJ53721KAPE003, CCGJ53721KAPE004 issued at KAOHSIUNG (Taiwan) on 25 and 26 November 202. (All three Bills of Lading are appended hereto as Composite Exhibit "2").

30. Each of the three Motor Yachts was delivered and accepted in brand new condition, shrink wrapped to protect each yacht from the elements at sea.

31. The three vessels were, in turn stowed aft of a Catamaran Silent 60 solar powered catamaran manufactured and/or owned by SEMPRE ITALIA, LLC and/or its

Nominee SILENT YACHTS OF NORTH AMERICA, INC. and which caught fire during the voyage, which fire spread to and destroyed two of the Ocean Alexander Motor Yachts and severely injured the third.

32.     CROSS CHARTERING N.V. breached each of the aforementioned Contracts of Carriage by failing to note that the Silent 60 Catamaran was manifestly defective and unfit for trans-oceanic shipment due to her unproven and untested radical solar powering system and in no way suitably prepared for transport by an ocean-going vessel.

33.     CROSS CHARTERING N.V. further breached the Contracts of Carriage by placing the subject vessels on an unseaworthy vessel (the m/v *BBC VIRGINIA*) with improperly trained crewmembers to extinguish a fire, the absence of necessary equipment to fight the fire and by lack of care for the BBC VIRGINIA's cargo, to wit, the subject OCEAN ALEXANDER motor yachts.

WHEREFORE all Plaintiffs demand Judgment against CROSS CHARTERING N.V. for damages for its flagrant Breach of its Contracts of Carriage for each of the three subject Ocean Alexander motor yachts, specifically for the total loss of two of the three Ocean Alexander vessels and severe damage to the third, together with all other relief this Court deems just and proper.

**COUNT II**
VICARIOUS LIABILITY OF
BRIESE SCHIFFAHRTS GMBH & CO; (KG MS "DORENBERG")

34.     Plaintiffs adopt and reallege Paragraphs 1 through 26 as if fully set forth herein and state:

35.     At all times material hereto BRIESE SCHIFFAHRTS GMBH & CO.; (KG MS "DORENBERG") was the owner of the m/v BBC VIRGINIA.

36.     At all times material hereto ALEXANDER MARINE USA, INC., was the consignee of three Ocean Alexander Motor Yachts, shipped by ALEXANDER MARINE CO.

LTD. and insured by FUBON.  (Individual Packing List / Commercial Invoices for each of the Ocean Alexander vessels are appended hereto as "Composite Exhibit 1").

37. The three vessels were to be shipped to from Kaohsiung, Taiwan to Port Everglades / Fort Lauderdale, Florida on board the m/v *BBC VIRGINIA* V-537 as evidenced by three Bills of Lading CCGJ53721KAPE002, CCGJ53721KAPE003, CCGJ53721KAPE004 issued at KAOHSIUNG (Taiwan) on 25 and 26 November 202.  (All three Bills of Lading are appended hereto as Composite Exhibit "2").

38. Each of the three Motor Yachts was delivered and accepted in brand new condition, shrink wrapped to protect each yacht from the elements at sea.

39. The three vessels were, in turn stowed aft of a Catamaran Silent 60 solar powered catamaran manufactured and/or owned by SEMPRE ITALIA, LLC and/or its Nominee SILENT YACHTS OF NORTH AMERICA, INC., that caught fire during the voyage, with the fire spreading to and destroying two of the Ocean Alexander Motor Yachts and severely injuring the third.

40. CROSS CHARTERING N.V. breached each of the aforementioned Contracts of Carriage by failing to note that the Silent 60 Catamaran was manifestly defective and unfit for trans-oceanic shipment due to her unproven and untested radical solar powering system and in no way suitably prepared for transport by an ocean-going vessel.

41. CROSS CHARTERING N.V. further breached the Contracts of Carriage by placing the subject vessels on BRIESE SCHIFFAHRTS GMBH & CO's unseaworthy vessel (the m/v *BBC VIRGINIA*) with improperly trained crewmembers to extinguish a fire, the absence of necessary equipment to fight the fire and by lack of care for the BBC VIRGINIA's cargo, to wit, the subject OCEAN ALEXANDER motor yachts, rendering BRIESE SCHIFFAHRTS GMBH & CO. vicariously liable for the negligent acts of CROSS CHARTERING N.V.

WHEREFORE all Plaintiffs demand Judgment against BRIESE SCHIFFAHRTS GMBH & CO. for damages for the total loss of two of the three Ocean Alexander vessels and severe damage to the third, together with all other relief this Court deems just and proper arising from its vicarious liability for the act of both CROSS CHARTERING N.V and its vessel, the *BBC VIRGINIA*.

## COUNT III
### NEGLIGENCE OF SILENT YACHTS OF NORTH AMERICA, INC., AND SEMPRE ITALIA, LLC

42. Plaintiffs adopt and reallege Paragraphs 1 through 26 as if fully set forth herein and state:

43. Upon information and belief, the point of origin of the subject fire – stored on top of Cargo Hatch Number 1 of the *BBC VIRGINIA*, was the Catamaran Silent 60 solar powered catamaran manufactured and/or owned by SEMPRE ITALIA, LLC and/or its Nominee SILENT YACHTS OF NORTH AMERICA, INC., that caught fire during the voyage and that fire spread to and destroyed two of the Ocean Alexander Motor Yachts and severely injured the third.

44. At all times material hereto breached each of the aforementioned Contracts of Carriage by failing to note that the Silent 60 Catamaran was manifestly defective and unfit for trans-oceanic shipment due to her unproven and untested radical solar powering system and in no way suitably prepared for transport by an ocean-going vessel.

45. At all times material hereto, SEMPRE ITALIA, LLC and/or its Nominee SILENT YACHTS OF NORTH AMERICA, INC., had a non-delegable duty to ensure that its concept and unproven solar powered Catamaran was fit for use and for shipment and free from latent dangers.

46. At all times material hereto, SEMPRE ITALIA, LLC and/or its Nominee SILENT YACHTS OF NORTH AMERICA, INC., had an additional non-delegable duty to

ensure that its concept and unproven solar powered Catamaran was fit for trans-oceanic shipment as above deck freight aboard another vessel.

47. SEMPRE ITALIA, LLC and/or its Nominee SILENT YACHTS OF NORTH AMERICA, INC., breached each of the aforedescribed duties by knowingly booking the trans-oceanic transport of their solar powered Silent Catamaran 60, which caught fire at sea due to its unproven and untested technologies, as they interrelated to other vessel systems and extreme weather conditions.

48. As a direct and proximate result of the breach of one or both duties, the Plaintff's were damaged by virtue of SEMPRE ITALIA, LLC and/or its Nominee SILENT YACHTS OF NORTH AMERICA, INC., negligence causing their vessel to spontaneously catch fire during ocean transport, which fire spread to and destroyed two of the Ocean Alexander Motor Yachts and severely injured the third.

WHEREFORE all Plaintiffs demand Judgment against SEMPRE ITALIA, LLC and/or its Nominee SILENT YACHTS OF NORTH AMERICA, INC. arising from their acts of and actionable Negligence culminating in the total loss of two of the three Ocean Alexander vessels shipped alongside the Silent 60 solar powered catamaran and severe damage to the third, together with all other relief this Court deems just and proper.

**COUNT IV**
UNSEAWORTHINESS AGAINST THE M/V BBC VIRGINIA
AND BRIESE SCHIFFAHRTS GMBH & CO.

49. Plaintiffs adopt and reallege Paragraphs 1 through 26 as if fully set forth herein and state:

50. This is a cause of action for Unseaworthiness.

51. At all times material, the defendants the m/v *BBC VIRGINIA* and BRIESE SCHIFFAHRTS GMBH & CO. owed the Plaintiffs a duty to provide a seaworthy vessel for the transport of ALEXANDER MARINE'S (FUBON's insured) yachts.

52. The m/v *BBC VIRGINIA* and BRIESE SCHIFFAHRTS GMBH & CO. breached that duty in one or more of the following ways:

    a. Failure to provide a capable crew;

    b. Failure to have a capable crew, trained in fire spotting, control and extinguishing;

    c. Failure to have established fire fighting protocols;

    d. Failure to conduct fire fighting drills;

    e. Failing to safeguard cargo.

53. Due to the m/v *BBC VIRGINIA* and BRIESE SCHIFFAHRTS GMBH & CO's actions or omissions, the unseaworthiness of the vessel played a substantial part in causing the Plaintiffs damages.

54. The harm caused to the Plaintiff' was either a direct result or reasonably probable consequence of the unseaworthiness of the vessel.

55. As a direct and proximate result of the vessel's unseaworthiness, two of ALEXANDER MARINE'S yachts were incinerated and rendered total losses and ALEXANDER MARINE'S third vessel was severely damaged.

WHEREFORE all Plaintiffs demand judgment against the m/v *BBC VIRGINIA* and BRIESE SCHIFFAHRTS GMBH & CO. for the loss of two of their yachts and severe damage to the third, together with all other relief this Court deems just and proper.

Dated this 12th day of December, 2022.

Respectfully submitted,

By: */s/ Neil Bayer*
CAMPBELL JOHNSTON CLARK LLP
Neil Bayer, Esq. (FBN 615684)
Neil@CJCLaw.com
Chase A. Jansson, Esq.
Chase@CJCLaw.com

2600 Douglas Road, Ste 508
Coral Gables, FL 33134
Tel. : 786-204-3784
Cindy@CJCLaw.com

*Counsel for Plaintiffs*