UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-62329-CIV-DIMITROULEAS

ALEXANDER MARIE CO. LTD., *et al.*,

    Plaintiffs,

v.

SEMPRE ITALIA, LLC, *et al.*,

    Defendants.

_____/

### ORDER TO SHOW CAUSE

THIS CAUSE is before the Court *sua sponte*.

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). District courts have an obligation to inquire into subject matter jurisdiction whenever the possibility that jurisdiction does not exist arises, *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995), and must dismiss an action where it appears that the court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Under §1332(a), federal district courts have original jurisdiction over civil actions between citizens of different states and where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a).

Plaintiffs Alexander Marine Co. Ltd., as subrogee of Fubon Insurance, and Alexander Marine USA, Inc., filed a Complaint against Defendants Sempre Italia, LLC, Cross Chartering

NV, Briese Schiffahrts GMBH & Co, Silent Yachts of North America, Inc., and the M/V BBC Virginia, *in rem*. *See* [DE 1]. Plaintiffs allege that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1] *See* Compl. ¶ 11.

For diversity purposes, a corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiffs allege that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, but Plaintiffs fail to indicate the principal place of business for Plaintiffs or Defendants Cross Chartering NV, Briese Schiffahrts GMBH & Co, and Silent Yachts of North America, Inc.

In addition, when a case is founded upon diversity jurisdiction and one or more of the parties is a limited liability company, the citizenship of every member of the limited liability company must be alleged. *See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304 (11th Cir. 2011). However, Plaintiffs fail to allege the membership information for Defendant Sempre Italia, LLC.[2]

To cure these deficiencies, it is **ORDERED and ADJUDGED** that on or before **December 20, 2022**, Plaintiffs shall file an Addendum to their Complaint listing the principal place of business of every Party that is a corporation and the citizenship of every member of any Party that is a limited liability company or other form of unincorporated business or association. If a member of an LLC is itself an LLC, then Plaintiff must likewise allege the membership of

---

[1] Plaintiffs have not alleged any alternative grounds for jurisdiction.
[2] Though Plaintiffs have filed a Notice of Correction [DE 4] indicating where Sempre Italia, LLC was organized and where it has its principal place of business, the Notice does not state any membership information.

the member LLC. Failure to submit the Addendum by this time prescribed may result in the dismissal of this action.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 13th day December, 2022.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record